UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FRED LIEMANN, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **No. 12-1047** |
| | * | |
| **ENCOMPASS PROPERTY & CASUALTY CO.** | * | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is a Motion to Exclude the Proposed Expert Testimony of Steve Owens

filed on behalf of Defendant. (R. Doc. 21). The Defendant has also moved for an expedited

hearing on its Motion. (R. Doc. 19). The Court has reviewed the submitted memoranda and

applicable law and now issues this Order and Reasons.

This case arises out of an insurance claim made by Plaintiffs Fred Liemann and

Becky Liemann for damage to their home allegedly the result of Tropical Storm Lee on

September 5, 2011. Plaintiffs allege that they notified Defendant about the loss and received a

claim number. Plaintiffs hired a private roofing contractor to assess the damage on October 13,

2011, which estimate was approximately $8,864.77. Plaintiffs further allege that Encompass

sent the first of two denial letters on October 20, 2011, citing exclusions for continuous or

repeated seepage and an investigation revealing that the damage was caused by lack of repair to

damages that were the subject of previously paid claims. On January 12, 2012, Plaintiffs

submitted to Defendant a formal demand letter and attached a letter from Glen Wondergem, the

contractor who had repaired the subject property after Hurricanes Katrina, Ike, and Gustav,

stating that the previous damages had in fact been repaired. Plaintiffs received the second denial

letter, which cited a lack of supporting documentation, on January 24, 2012.  Plaintiffs allege

that the property remains unrepaired and that the home's damage now includes damage

associated with mold infiltration. Plaintiffs claim that Defendant is liable for damages and

statutory penalties because of its arbitrary and capricious failure to pay pursuant to La. R.S. §§

22:1892 and 22:1973.  Plaintiff filed a petition and citation in the 22nd Judicial District Court for

the Parish of Saint Tammany.  Defendant timely filed a Notice of Removal.

Defendant has filed an answer denying liability and asserting affirmative defenses,

including policy exclusions, prescription, and failure to mitigate.

Turning to the instant Motion, the gravamen of Defendant's argument for exclusion

of the Plaintiffs' expert's testimony is a disagreement with the expert's conclusions, rather than a

question as to his methods.  The challenged expert is amply qualified.  The Court therefore finds

that the appropriate forum for Defendant's challenge is cross examination, rather than a *Daubert*

motion.

For the foregoing reasons, **IT IS ORDERED** that the Motion for an Expedited

Hearing (R. Doc. 19) on the above Motion be and is hereby **GRANTED**.  **IT IS FURTHER**

**ORDERED** that the Motion to Exclude the Proposed Expert Testimony of Steve Owens filed on

behalf of Defendant (R. Doc. 21) be and is hereby **DENIED**.

New Orleans, Louisiana, this 14th day of February, 2013.

_____

UNITED STATES DISTRICT JUDGE